```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION


Lila W. Fultz,                  )
                                )
          Plaintiff,            )  Case No. 1:05-CV-457
                                )
    vs.                         )
                                )
Marietta J. Webb,               )
                                )
          Defendant.            )
```

O R D E R

This matter is before the Court on Defendant Marietta J. Webb's motion for summary judgment (Doc. No. 13) and motion to strike errata sheet to Plaintiff's deposition (Doc. No. 14). For the reasons set forth below, Defendant's motion for summary judgment is well-taken and is **GRANTED**; Defendant's motion to strike the errata sheet is **MOOT**.

A. Background

This case marks another sad chapter in the annals of our litigious society. Lila Fultz and Marietta Webb had been friends since 1957 when they met each other in church. They remained friends and kept in contact with each other after Fultz moved from Portsmouth to Columbus in 1970. They stayed friends after Fultz moved to South Carolina in 1993. Fultz would return to Portsmouth about once a year and stay with Webb when she visited. It was one of her visits to Portsmouth that spawned this lawsuit.

Just before Labor Day weekend of 2004, Fultz drove from South Carolina to Portsmouth with her adult son, David, to attend to the closing of her in-laws' estate.  Fultz had made plans to stay at Webb's house during her stay in Portsmouth.  Webb, like Fultz, is a widow and lives alone.  Webb's adult children, however, have a key to her house.  Webb has a house cleaner who comes every two or three weeks, but she does not have a key to the house.  There was also a house painter with whom Webb had a longstanding relationship, but he did not have a key to the house either.  Webb's house is in an upscale neighborhood in Portsmouth.

Fultz arrived at Webb's house on Thursday.  The parties' depositions indicate that for the most part, Fultz and Webb spent more time apart during the weekend than together.  It appears that Fultz was primarily occupied with visiting her relatives that remained in the area and dealing with matters relating to the estate.  She did return to Webb's each evening to stay.  Additionally, David stayed at Webb's for a couple of nights.  Webb did not have any other visitors at her home during the weekend.

In any event, Webb and Fultz decided to drive to the mall in Ashland, Kentucky on Labor Day.  During the ride to Ashland, Fultz looked in her purse and discovered for the first time that all of her jewelry was missing.  They ate lunch in

2

Ashland but otherwise returned to Webb's house fairly quickly. Fultz and Webb searched the house but they did not find her jewelry. Fultz was also missing about $976 in cash. Webb soon discovered that some of her jewelry was missing too. Webb called the Portsmouth police department and on Tuesday an officer took a report and made a list of the missing items. A brief investigation revealed no evidence of forced entry into Webb's home. Fultz claims that later her other son, Denny, discovered one of her missing pieces of jewelry on display at a pawn shop in Columbus.

Fultz has filed this lawsuit alleging that Webb's alleged negligence is responsible for the apparent theft of her jewelry. Not surprising, Fultz and Webb apparently are no longer friends.

The complaint asserts a single state law claim against Webb for negligence. The complaint alleges that Webb breached a duty to Fultz to use reasonable care to protect her, as a social guest, from injury to person and property and that Webb breached this duty by negligently entrusting her house keys to others. Fultz also alleges that Webb breached this duty by failing to warn her that others had keys to her home. Such alleged breach of duty is said to be the proximate cause of the loss of Fultz's jewelry. Since the filing of the complaint, the nature of the alleged negligence has apparently evolved into a claim that Webb

3

failed to warn Fultz that she was the victim of several other thefts from her home.

The Court's subject matter jurisdiction is based on diversity of citizenship in that Fultz and Webb are citizens of different states and the amount in controversy is in excess of $75,000.

Webb now moves for summary judgment on three grounds: 1) Fultz cannot demonstrate that she lost her jewelry as a result of theft; 2) Fultz cannot demonstrate that she was negligent in any respect; and 3) even if she was negligent, the criminal conduct of a third party was the intervening and superseding cause of Fultz's loss.

For the reasons that follow, the Court agrees with Webb that there is no evidence that she breached a duty toward Fultz or was otherwise negligent. The Court also agrees with Webb that the criminal act of a third party was a superseding cause of Fultz's loss.

II.  Summary Judgment Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment

is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). "The mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)(emphasis in original). The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson</u>, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Id.</u>

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. <u>Poller v. Columbia Broadcasting System, Inc.</u>, 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be

5

shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule

6

56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

### III. Analysis

Fultz was a social guest of Webb's. Complaint ¶ 26. A host is not the insurer of the safety a social guest while on the premises of the host and there is no implied warranty to the guest that the premises are in safe condition. Scheibel v. Lipton, 102 N.E.2d 453, 454 syl. 2 (Ohio 1951). Moreover:

> A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host

    and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.

Id. at syl. 3.  Ohio law, however, "usually does not require the prudent person to expect the criminal activity of others." Federal Steel & Wire Corp. v. Ruhlin Constr. Co., 543 N.E.2d 769, 773 (Ohio 1989).  The exception to the general rule is that a duty to protect against injury caused by third parties may be imposed where a special relationship exists between the plaintiff and the alleged tortfeasor.  Id. at 773.  In Federal Steel, the Supreme Court of Ohio indicated that such a relationship would exist where the plaintiff was injured by third party vandals when the defendant knew there had been a history of repeated vandalism and tampering on its premises.  Id. at 775-76.  Absent such a special relationship, however, the act of a third person committing an intentional tort or crime is the superseding cause of harm to another even if the defendant's negligence created the situation which allowed the third person to commit the tort or crime.  Id. at 774 (quoting Restatement (Second) of Torts § 448 (1965)).

   The cited authorities demonstrate that Fultz's negligence claim is without merit.  Webb had no duty to warn or protect Fultz against the criminal acts of third parties in the first instance.  Furthermore, there is no evidence in this record

8

that Webb's home had repeatedly been burglarized under any circumstances, much less the mysterious circumstances of this case. Indeed, Webb testified that her home was located in an upscale neighborhood and that she had never found anything missing from her home before this incident. Webb Dep. at 27-28, 59. The only other occasions that Webb had discovered money missing from her purse was when she had been out in public. Id. at 61-64. Consequently, there was no special relationship between Webb and Fultz which created a duty on the part of Webb to protect Fultz from the criminal acts of third parties. In addition, there is not one scrap of evidence in this record that Webb was negligent in any fashion in securing her home or entrusting her house keys to others. In any event, even if Webb were negligent in some respect, the criminal act of the unknown third party was the superseding cause of Fultz's loss. Accordingly, Fultz's motion for summary judgment should be granted.

## Conclusion

In summary, Plaintiff's negligence claim is not supported in law or fact. The only result of this lawsuit was the destruction of a longstanding friendship. More's the pity.

Defendant's motion for summary judgment is well-taken and is **GRANTED**. As a result, Defendant's motion to strike the

errata page to Plaintiff's deposition is **MOOT. THE COMPLAINT IS DISMISSED WITH PREJUDICE.  THIS CASE IS CLOSED.**

       **IT IS SO ORDERED**

Date October 4, 2006                    s/Sandra S. Beckwith
                                  Sandra S. Beckwith, Chief Judge
                                    United States District Court

10